DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which awarded permanent custody of appellant Karen B.'s son Christopher B. ("Christopher") to appellee Lucas County Children Services Board ("LCCS"). For the reasons that follow, this court affirms the judgment of the trial court.
Appointed counsel Charles S. Rowell, Jr. has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues. Counsel for appellant does, however, set forth the following potential assignments of error:
 "1. THE COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE MATTER TO PROCEED WITHOUT THE FILING OF A WRITTEN REPORT BY THE GUARDIAN AD LITEM.
 "2. THE COURT ERRED TO THE PREJUDICE OF THE MOTHER IN FAILING TO PROCEED PURSUANT TO CIVIL RULE 52 UPON THE ORAL REQUEST OF MOTHER'S COUNSEL FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW."
 Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93
set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that she chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
On November 4, 1998, LCCS filed a "COMPLAINT IN DEPENDENCY AND NEGLECT: PERMANENT CUSTODY, AND MOTION FOR SHELTER CARE HEARING." In the complaint, the agency alleged that: Ron and Laveen J., the child's legal custodians, had stated they no longer wanted custody of Christopher and that Ron J. had told the school bus driver not to bring the child home again "or he might kill him;" the agency had received a referral in June 1998, that Ron J. had abused Christopher; Christopher has severe behavioral problems and is developmentally delayed; appellant has a history with at least two child protection agencies; Christopher was removed from appellant's care before he was one year old, and has been removed three additional times because of abuse and neglect; and appellant is mildly mentally retarded and her psychiatrist stated that she is not capable of parenting her son. An emergency hearing was held on November 4, 1998, and the trial court awarded temporary custody of Christopher to LCCS.
On February 1, 1999, trial was held on the agency's motion for permanent custody. The court first heard evidence as to adjudication and, at the conclusion of testimony, found Christopher to be dependent and neglected. The matter proceeded to final disposition, and on February 2, 1999, the trial court awarded permanent custody of Christopher to LCCS. It is from that judgment that appellant appeals.
In her first potential assignment of error, appellant asserts that the trial court erred by allowing the case to proceed when the guardian ad litem had not filed a written report. The record reveals that after appellee rested during the adjudication phase the trial court asked appellant's counsel if he had any witnesses. Counsel responded that he had not received a copy of the guardian's report and, in the absence of the report, would call the guardian as a witness. The guardian responded that he had not yet prepared a report because he had recently undergone surgery and missed more than a week of work. The trial court suggested a recess so that appellant's counsel could talk to the guardian about what would have been contained in the report. The trial court stated that counsel could call the guardian as a witness after they talked if he still felt it was necessary. Appellant's counsel responded that he was comfortable with that plan. The court called a recess so that appellant's counsel and the guardian could talk. When court resumed counsel stated that he would not call any witnesses.
R.C. 2151.414(C) provides that the guardian ad litem
shall submit a written report to the trial court prior to or at the time of the hearing on the motion for permanent custody. Loc.R. 13.6 of the Court of Common Pleas of Lucas County, Juvenile Division, requires that the guardian ad litem prepare and file a written report prior to the permanent custody pretrial.
The record reveals that appellant's counsel did not object to the trial proceeding after adjudication without the guardian ad litem's report. The record further reveals that the guardian filed his report on February 1, 1999, before the disposition phase of the trial began, and that appellant did not raise the issue of the timeliness of the report. Further, appellant has not shown how she may have been prejudiced by the guardian's failure to prepare the report prior to the beginning of the trial. Accordingly, this potential argument is without merit.
Appellant's appointed counsel also raises the potential issue of a lack of notice that LCCS was seeking permanent custody of Christopher. Appellant's counsel raised this issue at the beginning of the trial, at which time he expressed concern as to whether appellant had sufficient notice that the trial would be a proceeding to terminate parental rights. The trial court inquired into the matter and determined that appellant had received sufficient notice that LCCS was seeking permanent custody of her son. Upon review of the record of proceedings in the trial court, which included a pretrial on December 17, 1998 at which appellant was present with counsel, and the complaint, which was captioned "COMPLAINT IN DEPENDENCY AND NEGLECT: PERMANENT CUSTODY AND MOTION FOR SHELTER CARE HEARING," we find that appellant did have sufficient notice of the nature of the proceedings and this argument is without merit.
Accordingly, based on the foregoing, appellant's first potential assignment of error is not well-taken.
In her second potential assignment of error, appellant asserts that the trial court erred to her prejudice when she orally requested findings of fact and conclusions of law and the court stated that the LCCS attorney would prepare the judgment entry which would address appellant's concerns. Appellant suggests that the trial court failed to proceed pursuant to Civ.R. 52, which provides that a party may request in writing findings of fact and conclusions of law. As we noted above, however, the request by appellant's counsel was made orally. Further, on February 12, 1999, the trial court filed a judgment entry which contained factual findings and legal conclusions in support of its decision. We therefore fail to see any error or irregularity in the manner in which the trial court handled appellant's request. Accordingly, this court finds that appellant's second potential assignment of error is not well-taken.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _________________________ Richard W. Knepper, P.J.
Handwork, J., Pietrykowski, J. CONCUR.